Johnson *v.* Swart.

---

## JOHNSON and wife *vs.* SWART.

A master's report will not be set aside upon the ground that the master was prejudiced against the party making the application, and had been concerned as attorney in another suit in which similar questions had arisen, where such party, after being apprised of these objections to the master, has proceeded before him on the reference, and has filed exceptions to his report.

Objections to the execution of a reference by a particular master, if valid, should be made before such master has heard and decided the matter pending before him on the the reference.

Objections cannot be made to the regularity of a master's report, after the party making the objections has affirmed the regularity of the report by excepting to the same.

THIS was an application, on the part of the defendant, to set aside a master's report, upon a reference under a decree of the court, upon the ground that the master was prejudiced against the defendant; and because he had been concerned as an attorney in another suit in which similar questions had arisen. It appeared, however, that the defendant did not make his application the first opportunity he had after he was apprised of this objection to the master; but that he had proceeded before the master, subsequent to that time, and had afterwards filed exceptions to the report.

*A. C. Paige,* for the complainants.

*Stephen P. Nash,* for the defendant.

Curtis *v.* Leavitt.

The CHANCELLOR said, that if these objections to the master's execution of the reference were valid, they should have been made before such master had heard and decided the matters pending before him upon the reference. He said a party could not lie by, and take the chance of a report in his favor, and then avail himself of an objection of this kind, when he found the report was adverse to his interest; and that it was also too late to object to the regularity of a report after the defendant had excepted to such report.